## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

| | |
|---|---|
| MODESTA LUNA, Individually and on Behalf of All Others Similarly Situated, | ) Case No.: 19-cv-1464 ) ) **CLASS ACTION COMPLAINT** |
| Plaintiff, | ) ) ) |
| v. | ) ) **Jury Trial Demanded** |
| KOHN LAW FIRM S.C., | ) ) |
| Defendant. | ) ) ) |

### INTRODUCTION

1.      This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") and the Wisconsin Consumer Act, Chs. 421-427, Wis. Stats. (the "WCA").

### JURISDICTION AND VENUE

2.      The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337, and 1367.  Venue in this District is proper in that Defendant directed its collection efforts into the District.

### PARTIES

3.      Plaintiff Modesta Luna (a.k.a. Modesta Luna Bencomo) is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4.      Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt incurred for personal, family, or household purposes.

5.      Plaintiff is also a "customer" as defined in the WCA, Wis. Stat. § 421.301(17), in that the debt arose from a consumer transaction that included agreements to defer payment.

6.      Defendant Kohn Law Firm, S.C. ("Kohn") is a service corporation with its principal offices at 735 North Water Street #1300, Milwaukee, Wisconsin 53202.

7.      Kohn is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8.      Kohn is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes.

9.      Kohn is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

## FACTS

10.     On or about January 31, 2018, Kohn mailed a debt collection letter to Plaintiff regarding this alleged debt owed to "TD BANK USA, N.A." A copy of this letter is attached to this complaint as Exhibit A.

11.     Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Luna inserted by computer.

12.     Upon information and belief, Exhibit A is a form debt collection letter used by Kohn to attempt to collect alleged debts.

13.     Exhibit A includes the following representation:

> Re:    TD BANK USA, N.A., v. MODESTA L LUNA BENCOMO
> Court Case Number: 18SC042534
> Our File Number: █████
> Balance Due as of January 23, 2019: $2,374.85
> Outstanding Court Costs: $156.00*

2

14.     Exhibit A also includes the following settlement offer:

| | Due Date(s) | Each Payment | Total Payments |
|---|---|---|---|
| 1 Payment | March 27, 2019 | $2,018.62 | $2,018.62 |
| 2 Payments | March 27, 2019 & April 30, 2019 | $1,044.93 | $2,089.86 |
| 3 Payments | March 27, 2019 & April 30, 2019 & May 31, 2019 | $720.37 | $2,161.11 |

15.     Exhibit A further states::

These settlement offers would represent a significant compromise and savings to you. If you wish to take advantage of one of these offers, please forward the appropriate amount to our address listed above or visit our payment website at www.kohnlaw.com. However, these offers are only valid until the listed expiration date(s) expire, and we are not obligated to renew them. Until an actual settlement is reached – which means all settlement payments have been received – we may commence or continue legal action. If you wish to take advantage of one of these settlement plans but that plan will not be completed prior to a court date or deadline in pending legal action involving this debt, you must contact us to discuss the possibility of adjourning or dismissing that legal action.

16.     Exhibit A thus states that "until an actual settlement is reached – which means all settlement payments have been received – we may commence or continue legal action."

17.     The representation in Exhibit A that, even if the consumer accepts the settlement offer and begins to make payments per the schedule offered in Exhibit A, Kohn "may commence or continue legal action," is false, deceptive, misleading, and confusing to the unsophisticated consumer.

18.     The debt referenced in Exhibit A was subject to a pending small claims action in Milwaukee County Circuit Court. *See* Milwaukee County Case No. 18-sc-42534.

19.     The unsophisticated consumer would understand the statement that Kohn "may commence or continue legal action" to be a threat that Kohn will attempt to obtain judgment and/or garnish the debtor even if the consumer has accepted Kohn's settlement offer and is current on the payment schedule offered in Exhibit A.

20.     Upon information and belief, assuming Plaintiff accepted one of the settlement plans offered in Exhibit A and began making installment payments according to the schedule

3

offered in such letters, Kohn had no intention of initiating garnishment proceedings to collect Plaintiffs' debts until Plaintiff actually defaulted on the payment schedule.

21.     Upon information and belief, when a consumer accepts one of the settlement plans offered in letters in the form of Exhibit A and begin making installment payments according to the schedule offered in such letter, Kohn does not, as a matter of course, initiate garnishment proceedings to collect the debt until the debtor has actually defaulted on the payment schedule.

22.     Plaintiff was misled and confused by Exhibit A.

23.     The unsophisticated consumer would be misled and confused by Exhibit A.

### *The FDCPA*

24.     The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Derosia v. Credit Corp. Solutions*, 2018 U.S. Dist. LEXIS 50016, *12, 2018 WL 1513043 (E.D. Wis. March 27, 2018); *Pogorzelski v. Messerli & Felix APC*, No. 16-C-1330, 2017 U.S. Dist. LEXIS 89678 *9 (E.D. Wis. June 12, 2017) ("A plaintiff who receives misinformation from a debt collector has suffered the type of injury the FDCPA was intended to protect against."); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Lorang v. Ditech Fin. LLC*, 2017 U.S. Dist. LEXIS 169286, at *6 (W.D. Wis. Oct. 13, 2017) ("the weight of authority in this circuit is that a misrepresentation about a debt is a sufficient injury for standing because a primary purpose of the FDCPA is to protect consumers from receiving false and misleading information."); *Qualls v. T-H Prof'l & Med. Collections, Ltd.*, 2017 U.S. Dist. LEXIS

113037, at *8 (C.D. Ill. July 20, 2017) ("Courts in this Circuit, both before and after *Spokeo*, have rejected similar challenges to standing in FDCPA cases.") (citing "*Hayes v. Convergent Healthcare Recoveries, Inc.*, 2016 U.S. Dist. LEXIS 139743 (C.D. Ill. 2016)); *Long v. Fenton & McGarvey Law Firm P.S.C.*, 223 F. Supp. 3d 773, 777 (S.D. Ind. Dec. 9, 2016) ("While courts have found that violations of other statutes . . . do not create concrete injuries in fact, violations of the FDCPA are distinguishable from these other statutes and have been repeatedly found to establish concrete injuries."); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to

5

encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

25.     Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

26.     Misrepresentations of the character, amount or legal status of any debt, injure or risk injury to interests expressly protected by Congress in the FDCPA. *See Oloko v. Receivable Recovery Servs.*, 2019 U.S. Dist. LEXIS 140164 (N.D. Ill. Aug. 19, 2019); *Untershine v. Encore Receivable Mgmt., Inc., 18-cv-1484 (E.D. Wis. August 9, 2019); Richardson v. Diversified Consultants*, No. 17-cv-4047, 2019 U.S. Dist. LEXIS 118786 *10-11 (N.D. Ill. July 17, 2019) ("the receipt of a communication misrepresenting the character of the debt (here, the amount owed) is the kind of injury that Congress sought to prevent through the FDCPA. 'Such an injury falls squarely within the ambit of what Congress gave consumers in the FDCPA: 'a legally protected interest in certain information about debts,' with 'deprivation of information about one's debt (in a communication directed to the plaintiff consumer) a cognizable injury.'" (internal citations omitted); *see also Pierre v. Midland Credit Mgmt., Inc.*, 2017 WL 1427070, at *4 (N.D. Ill. Apr. 21, 2017); *Saenz v. Buckeye Check Cashing of Illinois*, 2016 WL 5080747, at *1-2 (N.D. Ill. Sept. 20, 2016); *Bernal v. NRA Grp., LLC*, 318 F.R.D. 64, 72 (N.D. Ill. 2016) (holding that Plaintiff had standing to challenge misleading communication sent to him because the communication violated

his "right to be free from such misleading communications"). Such misrepresentations may cause consumers to make incorrect decisions about their finances or make payments to incorrect parties.

27.     15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

28.     15 U.S.C. § 1692e(2)(a) specifically prohibits "The false representation of— the character, amount, or legal status of any debt.

29.     15 U.S.C. § 1692e(5) specifically prohibits "the threat to take any action that cannot legally be taken or that is not intended to be taken."

30.     15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

### The WCA

31.     The Wisconsin Consumer Act ("WCA") was enacted to protect consumers against unfair, deceptive, and unconscionable business practices and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2).

32.     The Wisconsin Supreme Court has favorably cited authority finding that the WCA "goes further to protect consumer interests than any other such legislation in the country," and is "probably the most sweeping consumer credit legislation yet enacted in any state." *Kett* v. *Community Credit Plan, Inc.,* 228 Wis. 2d 1, 18 n**.**15, 596 N.W.2d 786 (1999) (citations omitted).

33.     To further these goals, the Act's protections must be "liberally construed and applied." Wis. Stat. § 421.102(1); *see also* § 425.301.

34.     "The basic purpose of the remedies set forth in Chapter 425, Stats., is to induce compliance with the WCA and thereby promote its underlying objectives." *First Wisconsin Nat'l Bank v. Nicolaou*, 113 Wis. 2d 524, 533, 335 N.W.2d 390 (1983).  Thus, private actions under the

7

WCA are designed to both benefit consumers whose rights have been violated and also competitors of the violators, whose competitive advantage should not be diminished because of their compliance with the law.

35. To carry out this intent, the WCA provides Wisconsin consumers with an array of protections and legal remedies. The Act contains significant and sweeping restrictions on the activities of those attempting to collect debts. *See* Wis. Stats. § 427.104.

36. The Act limits the amounts and types of additional fees that may be charged to consumers in conjunction with transactions. Wis. Stats. § 422.202(1). The Act also provides injured consumers with causes of action for class-wide statutory and actual damages and injunctive remedies against defendants on behalf of all customers who suffer similar injuries. *See* Wis. Stats. §§ 426.110(1); § 426.110(4)(e). Finally, "a customer may not waive or agree to forego rights or benefits under [the Act]." Wis. Stat. § 421.106(1).

37. Consumers' WCA claims under Wis. Stat. § 427.104(1) are analyzed using the same methods as claims under the FDCPA. Indeed, the WCA itself requires that the court analyze the WCA "in accordance with the policies underlying a federal consumer credit protection act," including the FDCPA. Wis. Stat. § 421.102(1).

38. Further, the Wisconsin Supreme Court has held that WCA claims relating to debt collection are to be analyzed under the "unsophisticated consumer" standard. *Brunton v. Nuvell Credit Corp.*, 785 N.W.2d 302, 314-15. In *Brunton*, the Wisconsin Supreme Court explicitly adopted and followed the "unsophisticated consumer" standard, citing and discussing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). *Id.*

8

39.     Wis. Stat. § 427.104(1)(g) states that a debt collector may not: "Communicate with the customer or a person related to the customer with such frequency of at such unusual hours or in such a manner as can reasonably be expected to threaten or harass the customer."

40.     Wis. Stat. § 427.104(1)(h) states that a debt collector may not: "Engage in other conduct . . . in such a manner as can reasonably be expected to threaten or harass the customer."

41.     Wis. Stat. § 427.104(1)(j) states that a debt collector may not: "Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist."

42.     Wis. Stat. § 427.104(1)(L) states that a debt collector may not: "Threaten action against the customer unless like action is taken in regular course or is intended with respect to the particular debt."

43.     The Wisconsin Department of Financial Institutions, which is tasked with regulating licensed collection agencies, has found that "conduct which violates the Federal Fair Debt Collection Practices Act" can reasonably be expected to threaten or harass the customer. *See* Wis. Admin. Code DFI-Bkg 74.16(9) ("Oppressive and deceptive practices prohibited.").

44.     Although the FDCPA does not authorize injunctive or declaratory relief, *see Ademiluyi v. PennyMac Mortg. Inv. Trust Holdings I, LLC*, 929 F. Supp. 2d 502, 507 n.3 (D. Md. Mar. 11, 2013), these forms of relief are available under the WCA.  Wis. Stat. §§ 426.109(1); 426.110(4)(e); 426.110(6)(b).

45.     The WCA expressly authorizes individual actions to enjoin "any person who in . . . enforcing consumer credit transactions engages in … False, misleading, deceptive, or unconscionable conduct in enforcing debts … arising from consumer credit transactions."  Wis. Stat. § 426.110(2)(c); *see* Wis. Stat. § 426.110(3).

46.     The WCA also authorizes "any customer affected by a violation of chs. 421 to 427 and 429 … or by a violation of the federal consumer credit protection act … [to] bring a civil action on behalf of all persons similarly situated, for actual damages by reason of such conduct or violation, together with penalties as provided in sub. (14), reasonable attorney fees and other relief to which such persons are entitled under chs. 421 to 427 and 429."  Wis. Stat. § 426.110(1).

47.     The WCA authorizes customers to bring class actions for injunctive relief to cure violations of Wis. Stat. § 427.104(1).

## COUNT I – FDCPA

48.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

49.     <u>Exhibit A</u> falsely threatens that Kohn will initiate legal action against Plaintiff, even if Plaintiff accept Kohn's settlement offers and are current according the payment schedules Kohn provided.

50.     Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(5), and 1692e(10).

## COUNT II – WCA

51.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

52.     <u>Exhibit A</u> falsely threatens that Kohn will initiate legal action against Plaintiff, even if Plaintiff accept Kohn's settlement offers and are current according the payment schedules Kohn provided.

53.     Defendant violated Wis. Stat. §§ 427.104(1)(g), 427.104(1)(h), 427.104(1)(j), and 427.104(1)(L).

10

## CLASS ALLEGATIONS

54.     Plaintiff brings this action on behalf of a Class, consisting of: (a) all natural persons in the State of Wisconsin, (b) who were sent collection letters by Defendant in the form of Exhibit A to the complaint in this action, (c) seeking to collect a debt for personal, family, or household purposes, (d) between October 7, 2018 and October 7, 2019, inclusive, (f) that was not returned by the postal service.

55.     The Class is so numerous that joinder is impracticable.  On information and belief, there are more than 50 members of the Class.

56.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members.  The predominant common question is whether Exhibit A violate the FDCPA and/or the WCA.

57.     Plaintiff's claims are typical of the claims of the Class members.  All are based on the same factual and legal theories.

58.     Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

59.     A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

60.     Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a)     actual damages;

(b)     statutory damages;

(c)     injunctive relief;

(d)     attorneys' fees, litigation expenses and costs of suit; and

(e)     such other or further relief as the Court deems proper.

Dated:  October 7, 2019

**ADEMI & O'REILLY, LLP**

By:     /s/ Mark A. Eldridge
        John D. Blythin (SBN 1046105)
        Mark A. Eldridge (SBN 1089944)
        Jesse Fruchter (SBN 1097673)
        Ben J. Slatky (SBN 1106892)
        3620 East Layton Avenue
        Cudahy, WI 53110
        (414) 482-8000
        (414) 482-8001 (fax)
        jblythin@ademilaw.com
        meldridge@ademilaw.com
        jfruchter@ademilaw.com
        bslatky@ademilaw.com

12
